[Civil No. 2033.  Filed September 14, 1922.]

[208 Pac. 1024.]

# C. A. GINGERY, Appellant, v. YGNACIO ROMERIS, Appellee.

REFORMATION OF INSTRUMENTS—EVIDENCE OF MUTUAL MISTAKE MUST BE CLEAR AND CONVINCING.—Mutual mistake, calling for reformation of a contract, must be established by clear and convincing evidence.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Affirmed.

Mr. Joseph Hansen, for Appellant.

Messrs. Baker & Whitney, for Appellee.

FLANIGAN, J.—Appellee, as plaintiff, recovered judgment against appellant, as defendant, in the sum of $255.43 and interest, being the balance claimed by appellee to be due him for the performance of his contract with appellant to drive a tunnel a distance of approximately eighty feet on appellant's land. The tunnel was to serve as a conduit to take out the waters of a stream near the mouth of the tunnel to irrigate the lands of defendant. The contract was in writing, and by its terms the defendant agreed to pay plaintiff $500 for the work. That the work was done in accordance with the terms of the written contract is not questioned. For a special defense it was alleged that the actual agreement, not contained in the writing, was that the tunnel should be run from the stream to a designated point on defendant's lands, a distance of some 100 feet. Other allegations of this plea indicate that it was intended to rely upon a mutual mistake of the parties in reducing the contract to writing, whereby the real agreement was not set

forth.    Reformation of the instrument to express this agreement was prayed.    The case was tried to the court without a jury, and evidence was received concerning the alleged agreement and the negotiations leading up to the execution of the written contract.

On this appeal the sole ground for reversal of the judgment is the contention that the court erred in refusing to find for the defendant and in refusing to reform the instrument as prayed for, a contention attempted to be maintained by a discussion of the evidence favorable to appellant's view of the case.    The testimony was conflicting, and nothing is to be gained by discussing it.    While it would appear that the defendant was probably under a misapprehension as to the meaning and effect of the contract as executed, we would not be justified in holding that the court erred in refusing to act upon the evidence as establishing in a clear and convincing manner and to his entire satisfaction a case of mutual mistake calling for a reformation of the contract.    *Northwestern Nat. Ins. Co.* v. *Chambers, ante,* p. 86, 206 Pac. 1081.

The judgment is therefore affirmed.

ROSS, C. J., and McALISTER, J., concur.